## NORRIS *v.* ALD NEW YORK, INC.

[No. 78, September Term, 1961.]

*Decided December 5, 1961.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Prescott and Sybert, JJ.

*Robert P. Conrad* and *James L. Roche, III,* with whom were *Robert L. Sullivan, Jr.,* and *Sklar & Sullivan* on the brief, for the appellant.

*R. Taylor McLean,* with whom were *Proctor, Royston & Mueller* on the brief, for the appellee.

Per Curiam.

This appeal is devoid of merit. The plaintiff was employed by the defendant under a written agreement. He based his suit for commissions on "a certain basic plan." In his answer to a demand for a bill of particulars, he stated that the "plan" was in writing, and the documents containing it were in the possession of the defendant. He now seeks to assert an oral agreement and to recover upon a *quantum meruit* basis. The evidence was ample to sustain the findings that the contract was as the appellant said it was in his declaration and answer to the demand for particulars, and that appellant was dis-

charged for cause. He was bound by the written contract upon which he based his suit. The claim that the contract was illusory is not sustainable. See Restatement, *Contracts*, § 79, Illustration 1, where it is stated:

> "1. A promises B to act as B's agent for three years on certain terms, and B agrees that A may so act, but reserves the power to cancel the agreement at any time. B's agreement is insufficient consideration, since it involves nothing that can properly be called a promise. Otherwise, if B reserves the power to cancel on thirty days' notice."

The appellant's further contention that the settlement between the parties provided for upon termination of the contract amounted to a forfeiture, and, therefore, was unenforceable can afford him no relief. If we assume as contended by the appellant, without deciding, that these provisions did call for a forfeiture, the appellant, as a terminated salesman, was only entitled to commissions on sales booked by him in those cases where "shipment and billing [were] made not later than 90 days past actual date of termination," and the trial court found that, due to this provision, appellant had failed in his proof to show that commissions were due him, a finding that we cannot say was clearly erroneous. Maryland Rule 886 a.

*Judgment affirmed, with costs.*